332

**Eleanor IVORY, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Defendant—Appellee.**

No. 02–55509.

D.C. No. CV–00–07722–PJW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2003.*

Decided March 10, 2003.

Before T.G. NELSON, SILVERMAN,
and McKEOWN, Circuit Judges.

MEMORANDUM**

Eleanor Ivory appeals the district court's order granting the Commissioner's cross-motion for summary judgment and denying her own. Ivory originally applied for disability and disability insurance benefits under Title II of the Social Security Act, which the Commissioner denied. Upon Ivory's appeal, an Administrative Law Judge (ALJ), Judge Fisher, then determined that Ivory was not disabled and the Appeals Council affirmed this determination.

After Ivory filed suit in district court, the parties stipulated to remand the matter for reconsideration of four specific issues. Another ALJ, Judge Donsbach, subsequently determined that Ivory was disabled from January 2, 1992 through July 13, 1993, but at no time thereafter. The Appeals Council affirmed this determination. Ivory again filed suit in district court and the Magistrate Judge granted the Commissioner's cross-motion for summary judgment.

Essentially, Ivory contends that Judge Donsbach's determination is reversible because he failed to cite substantial evidence for rejecting her testimony as not credible. However, Judge Donsbach did not reject Ivory's testimony; Judge Fisher did. Judge Donsbach addressed only the four specific questions for which the case was remanded. He incorporated by reference all other parts of Judge Fisher's decision.

By citing specific reasons why Ivory's testimony was not persuasive, Judge Fisher properly supported his determination that Ivory's subjective complaints were unreliable. *See Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999). More to the point, because Judge Donsbach's specific findings were supported by substantial evidence, we must affirm his determination. *See Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir.1989). Ivory's claim of disability was based on her carpal tunnel syndrome. The evidence in this case did not require the ALJ to evaluate any mental impairment.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.